**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ROGER SHUMAN,**

    Plaintiff,

v.                                                    **CIVIL ACTION NO.: 3:16-CV-62**
                                                              **(GROH)**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DECLINING TO ADOPT REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 19] of United States Magistrate Judge Michael J. Aloi. Magistrate Judge Aloi issued his R&R on May 24, 2017, recommending that this Court grant the Plaintiff's motion for summary judgment, deny the Commissioner's motion for summary judgment, vacate the decision of the Administrative Law Judge and remand for reconsideration. For the following reasons, the Court declines to adopt the recommendation.

**I. Background**

On February 23, 2012, the Plaintiff filed an application for a period of disability and disability insurance benefits, and on February 29, 2012, he filed an application under Title XVI for supplemental security income. In both applications, the Plaintiff alleged disability beginning on April 1, 2004. The Plaintiff's claims were initially denied on September 10, 2012, and again upon reconsideration on March 11, 2013. At the Plaintiff's request, a

hearing was held before the Administrative Law Judge ("ALJ") on September 15, 2014. Following the hearing, the ALJ found that the Plaintiff has not definitively engaged in substantial gainful activity since April 1, 2004, and that he suffers from the following severe impairments: osteoarthritis of the bilateral knees and degenerative arthritis of the lumbar spine. The ALJ determined that, although the Plaintiff suffers from various severe impairments and mild mental limitations, none—either on their own or in combination with one another—meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Upon calculating the Plaintiff's residual functional capacity ("RFC"), the ALJ determined that he is unable to perform past relevant work, but nevertheless is able to perform work in positions that exist in significant numbers in the national economy. Consequently, the ALJ rendered an unfavorable decision, finding the Plaintiff not disabled under the Social Security Act. On March 7, 2016, the Appeals Council denied the Plaintiff's request for review.

On May 11, 2016, the Plaintiff filed his complaint with this Court seeking review of the Commissioner's final decision. On September 29, 2016, the Plaintiff filed his motion for summary judgment and thereafter, on November 28, 2016, the Commissioner filed her motion for summary judgment. On May 24, 2017, upon reviewing the pleadings and relevant materials in this case, Magistrate Judge Aloi entered his R&R, recommending that the Plaintiff's motion for summary judgment be granted, the Commissioner's motion for summary judgment be denied and the case remanded for review of new evidence. When the Commissioner filed her objections to the R&R on June 7, 2017, this case became ripe for consideration.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of those portions of the magistrate judge's findings to which timely objections are made. See Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984). In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Magistrate Judge Aloi's R&R, objections were due within fourteen days after being served with a copy of the same. The Commissioner timely filed objections on June 7, 2017. Accordingly, the Court will review *de novo* the portions of the R&R to which the Commissioner objects and the remainder of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390-402 (1971), and whether the correct legal standards were applied, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is critical that the reviewing court not reweigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence, Hays, 907 F.2d at 1456, for it is the duty of the ALJ—not the reviewing court—to make findings of fact and resolve conflicts in the evidence, King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

C. **Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds that the claimant is disabled or not disabled at a certain step, a determination is made and the evaluation does not proceed to the next step. Id. The steps are as follows:

Step One: Determine whether the claimant is engaging in substantial gainful activity;

Step Two: Determine whether the claimant has a severe impairment;

Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;

Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and

Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

In this case, under the five-step process, and after consideration of the entire record, the ALJ found that the Plaintiff has not definitively engaged in substantial gainful activity since the alleged disability onset date of April 1, 2004.[1] The ALJ determined that the Plaintiff suffers from two severe physical impairments and mild mental limitations, but none that meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After conducting an RFC assessment, the ALJ concluded that the Plaintiff is unable to perform past relevant work, but found that jobs exist in

---

[1] The ALJ noted that although the Plaintiff worked and collected earnings beyond the alleged onset date, he did not believe the activity rose to the level of substantial gainful activity. ECF No. 9-2 at 22-23.

significant numbers in the national economy that the Plaintiff is able to perform. As a result, the ALJ found the Plaintiff not disabled under the Social Security Act.

### III. Discussion

Upon *de novo* review of the portions of the record to which objections are made, the Court finds that the Appeals Council applied the correct legal standard regarding its review of new and material evidence. The R&R advises that the January 30, 2015 letter from licensed psychologist Aleisha Arbogast should have been considered by the Appeals Council as new and material evidence that related back to the Plaintiff's alleged period of disability. Largely based on this conclusion, the R&R recommends that this case be remanded to the Commissioner for consideration of the new evidence. However, the Commissioner objects to this reasoning, arguing that Arbogast's letter—which postdates both the administrative hearing and the ALJ's decision—relates to a later period, was rightfully dismissed by the Appeals Counsel and does not affect the ALJ's October 27, 2014 decision. This Court agrees.

The Appeals Council is required to review and consider evidence submitted by the plaintiff if it is new, material and relates back to the period on or before the ALJ's decision. Banks for Hunter v. Comm'r, Soc. Sec. Admin., No. 16-12306, 2017 WL 1420239, at *2 (11th Cir. Apr. 21, 2017) (unpublished per curiam); Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95 (4th Cir. 1991); Norris v. Colvin, 142 F. Supp. 3d 419, 421-22 (D.S.C. 2015); 20 C.F.R. § 404.970(a)(5). Evidence is considered new if it is not duplicative or cumulative of evidence already in the administrative record, and material if there is a reasonable probability that, if considered, it would have changed the ALJ's decision. Wilkins, 953 F.2d at 96. Evidence may relate back to the period on or before

5

the ALJ's decision even if it postdates the decision. Norris, 142 F. Supp. 3d at 422. Notably, although the Appeals Council is tasked with considering new and material evidence presented by the plaintiff, it is not required to explain its reasoning when denying review. Meyer v. Astrue, 662 F.3d 700, 702, 705-06 (4th Cir. 2011) ("[N]othing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review.").

Here, Arbogast's letter from January 30, 2015—dated more than three months after the ALJ's decision—expresses findings related to the Plaintiff's mental impairments. ECF No. 14 at 18-19. However, there is no indication that the letter describes impairments complained of by the Plaintiff during the requisite time period: on or before the ALJ's October 27, 2014 decision. The letter is in present tense, fails to mention the Plaintiff's history of impairments and does not include dates of previous observation or treatment. Of particular interest, the Plaintiff began seeing Arbogast for counseling services on September 4, 2014—a mere eleven days prior to the administrative hearing. ECF No. 9-9 at 78. During this initial consultation, Arbogast indicated that the Plaintiff's "progress and prognosis [were] too early to determine." ECF No. 9-9 at 78. Accordingly, Arbogast's letter does not relate back to the period on or before the ALJ's decision and, therefore, the Appeals Council committed no error in declining to consider it.

Upon review of the remaining portions of the Appeals Council's decision, the Court finds that it followed the correct legal standards and committed no error in its consideration of additional evidence submitted by the Plaintiff. As previously explained, although the ALJ is required to explain the weight afforded to particular pieces of evidence and articulate its reasons for reaching specific conclusions, the Appeals Council is under

no obligation to perform such an analysis. Meyer, 662 F.3d at 705-06 (noting that "[t]he Appeals Council's denial of a request for review differs sharply from an ALJ's decision" (emphasis omitted)). Here, the Appeals Council considered evidence that it found to be new and which related back to the period on or before the ALJ's decision: a representative brief from Phillip Isner, medical records from Dr. Ali Khan and Associated Specialists, and medical records from Davis Medical Center.[2] ECF No. 9-2 at 7. After consideration, it determined that the "information [did] not provide a basis for changing the Administrative Law Judge's decision." ECF No. 9-2 at 3. This summation is enough. See Meyer, 662 F.3d at 706 ("[T]he regulatory scheme does not require the Appeals Council to do anything more than . . . *consider* new and material evidence." (emphasis added) (internal quotation and citation omitted)); see also Martinez v. Astrue, 389 F. App'x 866, 868-69 (10th Cir. 2010) ("[I]f . . . the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further discussion.").

Additionally, the Appeals Council described pieces of evidence that it did not consider during its review of the ALJ's decision.[3] Because the Appeals Council concluded that this evidence did not relate back to the period on or before the ALJ's decision, it was

---

[2] This new evidence is labeled in the Administrative Record as exhibits 13E, 28F and 29F.

[3] The Appeals Council stated that it

> looked at medical records from Davis Medical Center, dated December 19, 2014 to September 8, 2015 (27 pages); medical records from Tygart Valley Orthopaedics and Sports Medicine, dated February 26, 2015 to June 8, 2015 (24 pages); and records from Valley Health Care, dated December 12, 2014 (2 pages), dated January 30, 2015 (2 pages, submitted in duplicate), dated February 27, 2015 (1 page), and dated September 10, 2015 (2 pages).

ECF No. 9-2 at 3.

7

not required to be considered and was properly excluded from the record. Therefore, because the Appeals Council did not commit legal error in its review of the ALJ's decision, the Court **DECLINES** to adopt the magistrate judge's recommendation that this case be remanded to the Commissioner for evaluation of new evidence.

In light of the R&R's conclusion that remand is appropriate based upon alleged error by the Appeals Council, it does not consider the other arguments presented by the parties in their motions for summary judgment. Thus, this Court must conduct a *de novo* review of those issues. Aside from the Plaintiff's argument regarding new evidence, he raises two concerns: whether the ALJ erred in discounting his credibility and whether the ALJ erred in finding him not disabled under the Social Security Act.[4] Based upon the reasons provided below, the Court affirms the ALJ's decision.

### A. ALJ's Credibility Determination

Credibility determinations of hearing courts are afforded considerable deference. See F.T.C. v. Ross, 743 F.3d 886, 894 (4th Cir. 2014); Salyers v. Chater, 107 F.3d 867, at *1 (4th Cir. 1997) (unpublished table decision) (citing Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994)). As a result, an ALJ's credibility determination will be reversed "only if the claimant can show it was patently wrong." Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000) (internal quotation and citation omitted). The Plaintiff contends that the ALJ's credibility determination was based solely upon his failure to enroll in counseling services until eighteen days before the administrative hearing. However, the ALJ cited to other evidence within the record, which conflicts with the Plaintiff's personal accounts, to

---

[4] In his motion for summary judgment, the Plaintiff does not appear to dispute the ALJ's conclusion regarding his physical impairments, but takes issue with the finding classifying his mental impairments as non-severe.

support his finding. For example, he indicated that Arbogast's September 9, 2014 diagnostic impression revealed "no significant mental status findings . . . to support severe mental impairments." ECF No. 9-2 at 23. In addition, he reviewed the Plaintiff's work activity following his alleged onset date and determined that it was inconsistent with the severity of the disabling conditions alleged. ECF No. 9-2 at 27. Indeed, the record is lacking in objective medical evidence supporting the Plaintiff's suggestion of severe mental impairments. The ALJ's credibility finding takes into consideration the stark contrast between the Plaintiff's subjective complaints and the lack of impartial medical evidence in support thereof. In sum, a *de novo* review of the record supports the ALJ's credibility determination, and because the Plaintiff has not demonstrated that it was patently wrong, it will not be disturbed.

### B. ALJ's Disability Determination

Other than the letter from Arbogast, there is almost no evidence in the record, aside from the Plaintiff's subjective complaints, that corroborates the existence of severe and debilitating mental impairments after the alleged onset date. In fact, substantial evidence exists in the record to support the ALJ's conclusion that the Plaintiff's mental impairments cause only mild limitation. See ECF Nos. 9-3 at 7, 8, 9, 21, 22, 37, 38, 52, 53; 9-7 at 77, 81; 9-8 at 9-13, 60. For example, an evaluation performed by Dr. Joseph indicated that the Plaintiff's psychological prognosis was fair. ECF No. 9-7 at 77-82. In addition, the non-examining state agency psychologists concluded that the Plaintiff "retains the mental . . . capacity to engage in work-like activity." ECF No. 9-3 at 22, 38, 53. Therefore, because substantial evidence supports the ALJ's decision as to the severity of the Plaintiff's mental impairments, it will be upheld.

9

In regard to the Plaintiff's physical impairments, substantial evidence supports the ALJ's determination. The ALJ found that the Plaintiff suffers from two severe physical impairments: osteoarthritis of the bilateral knees and degenerative arthritis of the lumbar spine. ECF No. 9-2 at 23. Nevertheless, the ALJ concluded that neither of these impairments meets or equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. ECF No. 9-2 at 26. The objective evidence within the record supports this conclusion. For example, the Plaintiff continued to work after his alleged disability onset date of April 1, 2004. See ECF Nos. 9-5 at 20-23; 9-6 at 40. In particular, he performed work in 2008 that required him to dust, sweep, mop and care for an individual in a wheelchair. ECF No. 9-2 at 78. Additionally, the Plaintiff testified during the administrative hearing that he has to walk everywhere he goes. ECF No. 9-2 at 52. Indeed, a physical therapy progress note from July 24, 2014, indicated that he briskly walked around town several times a week and frequently walked his dog. ECF No. 9-9 at 48. The Plaintiff acknowledged that he prepares simple meals and performs household chores on his own, including washing dishes, sweeping and mopping. ECF No. 9-6 at 12. Moreover, although he failed to regularly attend sessions as instructed, medical evidence reveals that the Plaintiff's back pain improved with physical therapy. ECF No. 9-9 at 48-63. The Plaintiff's knee pain likewise improved with treatment. ECF No. 9-9 at 87, 93, 99. As indicated by the ALJ, the above-mentioned evidence demonstrates that the Plaintiff's physical impairments are not as debilitating as he suggests. Thus, because substantial evidence supports the ALJ's decision regarding the Plaintiff's physical impairments, it must be affirmed. See 42 U.S.C. § 405(g); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).

### C. New Evidence Considered by the Appeals Council

Finally, in determining whether the ALJ's decision is supported by substantial evidence, this Court must also review the new evidence considered by the Appeals Council. Martinez, 389 F. App'x at 869. In so doing, the Court must determine "whether the record, combined with the new evidence, provides an adequate explanation of [the Commissioner's] decision." Turner v. Colvin, No. 0:14-cv-00228-DCN, 2015 WL 751522, at *5 (D.S.C. Feb. 23, 2015) (alteration in original) (internal quotation omitted) (quoting Meyer, 662 F.3d at 707). In other words, if the new evidence is not in blatant contradiction with and does not cast serious doubt upon the original evidence reviewed by the ALJ, then remand is unnecessary as long as the ALJ's decision is supported by substantial evidence. See Flesher v. Colvin, Civil Action No. 2:14-cv-30661, 2016 WL 1271511, at *9-10 (S.D. W. Va. Mar. 31, 2016).

In rendering its decision, the Appeals Council received and considered three new pieces of evidence: a representative brief from Phillip Isner, medical records from Dr. Ali Khan and Associated Specialists, and medical records from Davis Medical Center. ECF No. 9-2 at 7. First, the representative brief addresses the findings of Arbogast in her January 30, 2015 letter. ECF No. 9-6 at 68-72. As previously explained, this letter does not relate back to the period on or before the ALJ's decision and therefore does not affect the findings and conclusions contained therein. Therefore, the representative brief, by the same token, does not contradict the original evidence or cast doubt upon the ALJ's decision. Next, the medical records from Dr. Ali Khan and Associated Specialists include

bloodwork results and findings from a spirometry test[5] conducted on October 7, 2014. ECF No. 9-10 at 66-69. This new evidence does not belie the findings within the original evidence of record or contradict the ALJ's conclusion regarding the Plaintiff's physical impairments. The Plaintiff's blood test results were all within normal range except for calculated LDL cholesterol, monocytes absolute and red cell distribution width. ECF No. 9-10 at 67. The spirometry test results depict only a mild restriction. ECF No. 9-10 at 68. Upon review, it is clear that this new evidence does not call into question the ALJ's finding regarding the Plaintiff's chronic obstructive pulmonary disease or his ultimate decision. See ECF No. 9-2 at 33. Lastly, the records from Davis Medical Center indicate that the Plaintiff's back pain improved with injections and that he was able to walk on his tiptoes and heels. ECF No. 9-11 at 5, 9, 11, 14, 16. Overall, the new evidence from Davis Medical Center reveals no significant findings and is consistent with the original objective evidence of record.[6]

Upon consideration, this Court does not find that the new evidence provided to the Appeals Council would have changed the ALJ's final decision. Certainly, it does not show "a dramatically different picture" of the Plaintiff's impairments than that portrayed by the original evidence before the ALJ. Cf. Ridings v. Apfel, 76 F. Supp. 2d 707, 710 (W.D. Va. 1999) (remanding case in light of new evidence that "clearly call[ed] into doubt" prior medical reports and the ALJ's findings). Accordingly, remand of this case is unnecessary.

---

[5] Spirometry tests evaluate breathing and assess lung function. Understanding Your Breathing Results, Worker Health Protection Program, http://www.worker-health.org/breathingtestresults.html (last visited July 12, 2017).

[6] A portion of the "new" evidence from Davis Medical Center was in fact reviewed by the ALJ and referenced in his decision. See ECF Nos. 9-2 at 33; 9-9 at 64-73. Specifically, the ALJ reviewed records from Davis Medical Center, which were signed by Dr. Mohamed Fahim, from May 29, 2014; July 30, 2014; and August 21, 2014. Additional records not reviewed by the ALJ, but submitted to the Appeals Council for review, include those dated September 3, 2014; September 12, 2014; and October 24, 2014.

### IV. Conclusion

Although the Plaintiff disagrees with the denial of his disability claim, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the . . . ALJ." Craig, 76 F.3d at 589 (internal quotation and citation omitted). Thus, because it is supported by substantial evidence, the ALJ's decision will not be altered. Accordingly, the Court **SUSTAINS** the Commissioner's objections [ECF No. 20] and **DECLINES** to adopt the Report and Recommendation [ECF No. 19] for the reasons more fully stated in this Order. The Court **ORDERS** the Commissioner's Motion for Summary Judgment [ECF No. 17] **GRANTED** and the Plaintiff's Motion for Summary Judgment [ECF No. 13] **DENIED**.

The Court **ORDERS** this case **DISMISSED WITH PREJUDICE** and **DIRECTS** the Clerk to **STRIKE** this matter from the active docket, enter a separate judgment order in favor of the Defendant Commissioner and transmit copies of this Order to all counsel of record herein.

**DATED:** August 14, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE